**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| NBBJ LLC, | : |
| | : Case No. 2:16-cv-00855 |
| Plaintiff, | : |
| | : JUDGE JAMES L. GRAHAM |
| vs. | : |
| | : MAGISTRATE JUDGE KEMP |
| THE WHITING-TURNER CONTRACTING | : |
| COMPANY, INC., | : |
| | : |
| Defendant. | : |

## STIPULATED PROTECTIVE ORDER

The parties, Plaintiff NBBJ LLC and Defendant The Whiting-Turner Contracting Company (collectively, the "Parties"), to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     **Scope.**  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

2.     **Form and Timing of Designation.**  Any party in this action or any third-party witness may designate documents it produces as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation.  Any electronically-stored records produced in a format other than hard copy may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by such

a designation in correspondence accompanying the production of those records and, if possible, by including the designation in the file name. The designation CONFIDENTIAL or HIGHLY CONFIDENTIAL does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. A designation of confidentiality shall constitute certification by the producing party and a representation in good faith by counsel upon reasonable investigation that the confidential-designated material has not previously been disclosed by or on behalf of counsel's client without restriction on disclosure (except as may have been disclosed in pre-litigation dispute resolution proceedings), and that it is not within the public domain. After entry of this Order, documents shall be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The Parties may, after entry of this Order, promptly designate any of its previously produced documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

3. **Changes to Levels of Protection.** If a Party or third-party determines that material it produced was not correctly designated at the time of production, it must promptly notify all Parties that received the material of the correct designation. If the materials are re-designated with a higher level of confidentiality than when they were originally produced, the re-designating party shall produce replacement copies with appropriate legends affixed to indicate the corrected designation on the replacement copies that are otherwise identical to the originally produced documents. All Parties who received a copy of the material before the correction must remove copies of the originally produced document from its document database and destroy such document copies, and take reasonable steps to retrieve all original copies of the newly designated material from persons who were previously given access to the material but who are no longer permitted to have such access.

4. **Documents That May be Designated "CONFIDENTIAL".** Any party may designate documents as "CONFIDENTIAL" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, financial information, or such other proprietary or sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

5. **Documents Designated "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."** "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" refers to a highly sensitive sub-set of confidential information, disclosure of which to another Party or third-parties would create a substantial risk of serious harm that could not be avoided by less restrictive means. For example, this category might include financial information or other competitively-sensitive business information or documents that may be of value to an actual or potential competitor, customers, or supplier.

6. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or portions of the exhibit to be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Thereafter, those portions so designated shall be protected as CONFIDENTIAL or HIGHLY CONFIDENTIAL, pending objection, under the terms of this Order. Deposition transcripts, or portions thereof, may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL within 30 days of receipt of the final deposition transcript, by written notice to counsel of record for all parties. The entire deposition transcript shall be treated

as HIGHLY CONFIDENTIAL during this 30 day period unless the designating party has earlier indicated a different designation.

If a portion of a deposition is designated as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL material before the deposition is transcribed, the transcript with the CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall be bound in a separate volume marked CONFIDENTIAL or HIGHLY CONFIDENTIAL as appropriate. If a portion of a deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL during the course of a deposition, counsel may request all persons, except persons entitled to receive the CONFIDENTIAL or HIGHLY CONFIDENTIAL material pursuant to this Order, to leave the room while the deposition is proceeding until completion of the answer or answers containing CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

7. **Protection of Confidential Material.**

a. **General Protections.** Documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order shall not be used or disclosed by the Parties (including current or former employees of the Parties), counsel for the Parties, or any other persons identified in paragraph 7(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

b. **Limited Third-Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (i)-(vii) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL:

i.      **Counsel.**  Outside counsel for the Parties and employees and agents of outside counsel who have responsibility for the preparation and trial of the action;

ii.      **Parties.**  Officers, directors  and employees of Parties to this Order, including in-house counsel, unless the document is designated HIGHLY CONFIDENTIAL;

iii.      **Authors.**  The author of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL and anyone shown as having received the information in the ordinary course of business;

iv.      **Court Reporters and Recorders.**  Court reporters, videographers, and recorders engaged for depositions;

v.      **The Court.**  The Court and Court personnel prior to trial;

vi.      **Consultants, Investigators, and Experts.**  Consultants, investigators, or experts (hereinafter referred to collectively as "Experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in the attachment hereto, "Acknowledgement and Agreement to Be Bound"; and

vii.      **Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification attached hereto, "Acknowledgement and Agreement to Be Bound."

c.      **Control of Documents.**  Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the terms of this Order.

        d.      **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

      8.     **Filing of CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents Under Seal.** To the extent reasonably possible, the Parties shall file under seal CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information electronically pursuant to Local Rule 5.2.1 and the Court's guidelines for such filings. To the extent that a brief, memorandum, or pleading references any document marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL, then the brief, memorandum, or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of the CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

      9.     **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL or HIGHLY CONFIDENTIAL designation is subject to challenge by any party or nonparty with standing to object (hereafter "objecting party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to attempt in good faith to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all Parties a notice specifying the documents and the nature of the agreement.

10.     **Action by the Court.**  Applications to the Court for an order relating to any documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be by motion pursuant to Local Rule 7.2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

11.     **Use of Confidential Documents or Information at Trial.**  All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at the final pretrial conference by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     **Obligations on Conclusion of Litigation.**

a.      **Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.      **Return of CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents.**  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order shall be returned to the producing party upon the producing party's request and at the

producing party's expense unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) that party elects to destroy the documents and certifies to the producing party in writing or electronically that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain a record including the following, irrespective of whether or not CONFIDENTIAL or HIGHLY CONFIDENTIAL documents are included: its correspondence file, its file of court papers, deposition, trial and hearing transcripts and exhibits, and all memoranda and attorney notes of counsel. However, as long as such CONFIDENTIAL or HIGHLY CONFIDENTIAL documents are retained, counsel retaining such documents shall protect those documents in the manner provided for in this Order and shall use those documents for no other purpose.

      c.     **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

      13.     **Inadvertently Produced Documents.** The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information ("Privileged Information"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

      a.     The producing party must notify the receiving party promptly, in writing, upon discovery that Privileged Information has been produced. Upon receiving written notice from the producing party that Privileged Information has been produced, all such information,

and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in paragraph 13(c), until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Privileged Information in electronic format.

      b.    The receiving party may contest the privilege or work product designation by the producing party, and shall give the producing party written notice of the reason for said disagreement. However, the receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege.

      c.    Any analyses, memoranda, or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda, or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

      d.    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a complete review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

      14.    **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing

concerning the subject matter. Motions to modify this Order shall be served and filed under this Court's Local Rules and the presiding judge's standing orders or other relevant orders.

15. **Persons Bound.**  This Order shall take effect when signed and shall be binding upon all counsel and their law firms, the Parties, any third-parties producing documents or providing testimony in this action, and other persons made subject to this Order by its terms.

**SO ORDERED.**

January 5, 2017                             /s/ Terence P. Kemp
Date                                        UNITED STATES MAGISTRATE JUDGE

So Stipulated,

/s/ Mitchell A. Tobias                      /s/ Daniel M. Haymond by MAT per authority
Allen L. Rutz, Trial Counsel  (0069388)     Daniel M. Haymond, Trial Attorney (0062152)
Mitchell A. Tobias          (0084833)       Jeffrey R. Appelbaum          (0013898)
VORYS, SATER, SEYMOUR AND PEASE LLP         William J. Thrush             (0093219)
52 East Gay Street                          THOMPSON HINE LLP
P.O. Box 1008                               3900 Key Center
Columbus OH 43216-1008                      127 Public Square
Tel: (614) 464-5644                         Cleveland, OH 44114-1291
Fax: (614) 719-5023                         Tel: (216) 566-5500
alrutz@vorys.com                            Fax: (216) 566-5800
matobias@vorys.com                          Dan.Haymond@ThompsonHine.com
                                            Jeff.Appelbaum@ThompsonHine.com
*Counsel for Plaintiff NBBJ LLC*            Bill.Thrush@ThompsonHine.com

                                            *Counsel for Defendant The Whiting-Turner*
                                            *Contracting Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NBBJ LLC, | : | |
| | : | Case No. 2:16-cv-00855 |
| Plaintiff, | : | |
| | : | JUDGE JAMES L. GRAHAM |
| vs. | : | |
| | : | MAGISTRATE JUDGE |
| THE WHITING-TURNER CONTRACTING | : | TERENCE P. KEMP |
| COMPANY, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, have read the Stipulated Protective Order in the above-captioned action (the "Protective Order") and agree to be bound by its terms with respect to any documents, material, or other information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – Attorney's Eyes Only" (collectively, "Restricted Material") furnished to me as set forth in the Protective Order.

I further agree not to disclose to anyone any documents, material, or other information designated as Restricted Material other than as set forth in the Protective Order.

I hereby consent to the jurisdiction of the United States District Court for the Southern District of Ohio with regard to any proceedings to enforce the terms of the Protective Order.

I hereby agree that any documents, materials, or other information designated as Restricted Material and furnished to me will be used by me only for the purposes permitted by the Protective Order and for no other purpose, including any business, commercial, professional, educational, personal, or any other purpose whatsoever, and will not be imparted by me to any other person except to the extent permitted under the Protective Order.

I further agree to return any and all documents, materials, or other information designated

as Restricted Material, together with all copies I may have made thereof, including any notes, memos, or the like I may have made that contain or reflect any such Restricted Material, to the attorney(s) that furnished me with any such documents, materials, or other information (a) at the conclusion of the action; (b) at the conclusion of my engagement in connection with the action; or (c) at the request of the attorneys who furnished me with such documents, materials, or information.

_____        _____
Date                                                   Signature

26119611